**UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF VIRGINIA, HARRISONBURG DIVISION**

US BANK TRUST NATIONAL ASS'N, AS TRUSTEE
OF CABANA SERIES III TRUST

V.

CHARLES YEH, DEBTOR

BOB STEVENS, TRUSTEE

CHAPTER 7

Case Number 22-50364

FILED HARRISONBURG, VA
U.S. BANKRUPTCY COURT

NOV 15 2022

By _____
Deputy Clerk

### INTERESTED PARTY ELIZABETH HARING'S OBJECTION AND MOTION FOR CONTINUANCE OF CONTESTED HEARING ON US BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET NO. 24)

COMES NOW Elizabeth Haring, an interested party, to notice her objection to the lack of notice and opportunity to be heard on US Bank's Motion for Relief from Automatic Stay and her prayer that this Honorable Court will continue the hearing scheduled for November 16, 2022 on US Bank's Motion for Relief from Automatic Stay for good cause shown and in the interests of justice. In support thereof, she states:

1. Movant Elizabeth Haring is an interested party in this case and US Bank's motion for relief from automatic stay. Ms. Haring purchased the subject property in Basye, Virginia in August 2004 which US Bank wrongfully and invalidly foreclosed upon in June 2019.
2. She continues to have a legal and equitable interest in the subject property.
3. The subject property is the subject of a pending unlawful detainer case in US District Court for the Western District of Virginia and a pending wrongful foreclosure case in Henrico Circuit Court.
4. Ms. Haring has a large amount of her personal property stored at the subject property.
5. Her rights are affected by this motion. Movant seeks, among other things, for this Court to find the automatic stay was not in effect as to the subject property. Movant's motion is an *in rem* or *quasi in rem* proceeding.
6. Despite knowing of Ms. Haring's interest in the subject property and her contact information, US Bank failed to send Ms. Haring notice of their motion for relief. Rule 9014 expressly requires reasonable notice and opportunity for hearing be

afforded the party against whom relief is sought. Movant seeks relief against Mr. Yeh and Ms. Haring, an interested party. Rule 9014 and Due Process requires reasonable notice and opportunity for hearing for Ms. Haring and Mr. Yeh. Rule 4001(a) requires a motion for relief from automatic stay be made in accordance with Rule 9014. Rule 4001(a) provides the Court may direct movant to provide notice to an adverse party.

7. The conditions for ex parte relief pursuant to Rule 4001(a) are inapplicable in this case.
8. Movant is not entitled to an immediate hearing.
9. 11 USC 362(d) expressly conditions the Court's ability to lift the stay upon "after notice and hearing" and "cause."
10. Good cause, Rule 9014, Rule 4001(a), 11 USC 362(d), Due Process, judicial economy, and the interests of justice require reasonable notice and opportunity for Ms. Haring to be heard.
11. Ms. Haring only recently became aware of this motion and hearing since movant did not notify her. Due to the lack of notice, she has not had an opportunity to prepare and file her response to the motion, and is not able to attend the hearing tomorrow on such short notice. Ms. Haring is unable to obtain time off from work tomorrow, which is outside of her control.
12. Ms. Haring desires to be given notice and reasonable opportunity to be heard on this motion, given her interest in the subject property and the legal and practical ramifications for her.

WHEREFORE, Ms. Haring prays this Honorable Court will continue the hearing on Movant's motion for relief from automatic stay, afford her a reasonable opportunity to file her response, and reasonable opportunity for hearing in December 2022 or January 2023.

/s/Elizabeth Haring

ELIZABETH HARING